## In re GREEN.

### (District Court, E. D. Pennsylvania. January 5, 1916.)

### No. 4643.

BANKRUPTCY ⬬328—PROOF OF CLAIMS—LIMITATION—"EXPENSES OF ADMINISTRATION."

The limitation of time for proof of claims prescribed by Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 (Comp. St. 1913, § 9641), has no application to a claim for rent for premises while occupied by the trustee after bankruptcy, which is for an "expense of administration."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. ⬬328.

For other definitions, see Words and Phrases, First and Second Series, Expenses.]

In Bankruptcy. In the matter of Jacob Green, bankrupt. On review of order of referee disallowing landlord's claim for rent. Order revoked and record remitted, with directions.

See, also, 207 Fed. 693.

Alexander Conn, of Philadelphia, Pa., for petitioner.

Raymond A. White, Jr., and Maurice W. Sloan, both of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. The salient facts of this case are these: The petitioner was the landlord of the bankrupt. The rental of the premises occupied was $70 per month. The rent was paid to January 15, 1913; the month's rent having been due in advance on December 15, 1912, and paid. The petition in bankruptcy was filed December 28, 1912. The rent for the next month was also paid, carrying the rental as paid to February 15, 1913. The trustee remained in possession until the date of the sale of the effects of the bankrupt, which was held on May 22, 1913. By an arrangement between the landlord and the trustee, the former agreed to forego all claim of rent for the portion of rental due after May 15, 1913, in consideration of securing possession following the sale. This left due the landlord the three months' rent from February 15 to May 15, 1913. No formal proof of claim was offered until December, 1915. The adjudication was March 31, 1913. The petitioner excused the delay because he had understood counsel for trustee to advise that no proof of claim by him was required.

The claim was dismissed by the referee on the sole ground that the limitation of time allowed for proofs of claims prescribed by section 57, clause "n," of the Bankruptcy Act, was an absolute bar to the claim. In so holding the referee, without any fault of his own, was misled by the proof of claim into assuming the basis of the claim to have been the contractual obligation of the bankrupt, instead of being part of the cost of administration. It is among the possibilities that the latter may not arise until more than a year after the adjudication. In such a case the limitation clearly could not have been intended to apply. Nor do we think the limitation was intended to apply to any

claim which is a claim against the estate for something arising after the proceedings were instituted as part of the cost of administration. The referee properly ruled the question as raised by the fact presented to him. It appears now the fact is otherwise. The claim as presented should be amended, so as to unequivocally state the character of the claim, and the proofs in support may then be heard and considered.

For the purpose of enabling this to be done, the petition for review is allowed, the order dismissing the claim is formally revoked, and the record remitted, with directions to entertain such claim as may be made for rent subsequent to February 15, 1913, and to pass upon the same.